UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDDIE J. COMBS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CLARK COUNTY PROSECUTING ATTORNEY,<br><br>　　　　　　　　　　Defendant. | No. 11-5978 BHS/KLS<br><br>**ORDER TO AMEND OR SHOW CAUSE** |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis.* Upon review of Plaintiff's proposed complaint (ECF No. 1), the Court finds that the complaint is deficient and declines to serve it. However, Plaintiff will be given an opportunity to amend his complaint.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

ORDER TO AMEND OR SHOW CAUSE- 1

1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Plaintiff insists that the claims he seeks to put forward in this case are distinct from the claims that are presently pending in his habeas case in Case No. C11-5884, and the claims that were dismissed in Case No. C11-5033BHS. In the latter case, the District Judge found that Plaintiff was attempting to challenge the length of time he has and will serve but that he had not plead nor proven that the state courts had addressed his claim or granted him relief. In the complaint before this Court, Plaintiff argues that he is seeking to challenge a sentence that he has

ORDER TO AMEND OR SHOW CAUSE- 2

already served, and only that portion of which subjects him to register as a sex offender because the prosecutor engaged in prosecutorial misconduct. On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted.

**A.     Parties**

Plaintiff names the "Clark County Prosecuting Attorney's Office" as Defendant. However, under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982). Therefore, an entire prosecuting attorney's office is not a proper defendant. Rather, Plaintiff must set forth factual allegations and allege with specificity the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights.

**B.     Malicious Prosecution**

To maintain an action for malicious prosecution, Plaintiff must allege and prove the following: (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution. *Bender v. City of Seattle*, 99 Wn.2d 582, 593 (1983).

It appears that Plaintiff made some attempt at appealing his claims in state court, but he does not allege that the proceedings against him were terminated in his favour or that they were abandoned. Therefore, he has not successfully plead a claim of malicious prosecution.

**B.     Sex Offender Registration**

It is not entirely clear from his complaint, but a liberal reading leads the court to conclude that Plaintiff is challenging a 1990 and/or 2010 Spokane County judgment or judgments that require him to register as a sex offender. To the extent Plaintiff seeks relief from his duty to register as a sex offender, a civil rights complaint may not be the appropriate avenue for relief. It is not clear from Plaintiff's complaint whether he seeks to challenge his designation as a sex offender (or level of designation) or whether he seeks to challenge the condition of registering as a sex offender.

It is well-established that when a state prisoner challenges the legality or duration of his confinement, or raises constitutional challenges that could entitle him to earlier release, his exclusive federal remedy is a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); see also *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242 (2004). The Supreme Court has emphasized that only habeas corpus jurisdiction is available to those attempting to "invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Dotson*, 544 U.S. at 81. "[A] state prisoner's § 1983 action is barred ... no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 81–82.

ORDER TO AMEND OR SHOW CAUSE- 4

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

Plaintiff is incarcerated at the Coyote Ridge Corrections Center. ECF No. 1. However, it is unclear whether his incarceration is the result of the violation of the parole conditions he complains of here. If so, Plaintiff's challenge will result in a judgment that necessarily implies the invalidity of his conviction or sentence. For that reason, a habeas petition would be the only means available for Plaintiff's constitutional challenge to his conditions of parole, and his § 1983 Complaint would be dismissed. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–83, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **February 24, 2012.** If Plaintiff chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. §

ORDER TO AMEND OR SHOW CAUSE- 5

1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2) the dates on which the conduct of each defendant allegedly took place; and

3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten** (Plaintiff should refrain from including fragmented sentences and comments in the margins) or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" in the caption. Additionally, Plaintiff must submit a copy of the "Amended Complaint" for service on each named defendant.

Plaintiff is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **February 24, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **The Clerk is directed to send Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint. The**

ORDER TO AMEND OR SHOW CAUSE- 6

**Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

DATED this  23rd  day of January, 2012.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 7