UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDDIE J. COMBS,

                Plaintiff,

   v.

CLARK COUNTY PROSECUTING ATTORNEY'S OFFICE,

                Defendants.

No. C11-5978 BHS/KLS

ORDER DENYING MOTIONS FOR THE APPOINTMENT OF COUNSEL

Before the Court are Plaintiff's motions for the appointment of counsel. ECF Nos. 8 and 10. Plaintiff has filed a civil rights complaint but the Court has declined to serve the complaint because it is deficient. ECF No. 9. Plaintiff has been ordered to show cause why his complaint should not be dismissed or to file a complaint curing, if possible, the deficiencies noted in his complaint. His deadline for doing so is February 24, 2012. In the meantime, he has filed two motions requesting that counsel be appointed to research and obtain records on his behalf.

## DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

ORDER DENYING MOTION FOR COUNSEL - 1

the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

The Court finds no exceptional circumstances in this case. While Plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Moreover, Plaintiff has not shown a likelihood of success on the merits. In fact, Plaintiff has not yet filed a viable Section 1983 complaint in this case.

Accordingly, Plaintiff's motions for the appointment of counsel (ECF Nos. 8 and 10) are **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

**DATED** this __13th__ day of February, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 2